WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Connie Martin, | No. CV-21-02086-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| General Motors LLC, et al., | |
| Defendants. | |

Before the Court is General Motors LLC's Motion to Dismiss the First Amended Complaint of Plaintiff Connie Martin ("Plaintiff") (Doc. 11).  For the following reasons, the Motion is denied.

## BACKGROUND

Plaintiff brought a strict products liability and breach of warranty claim against General Motors LLC ("Defendant") arising from an alleged multi-vehicle accident.  The accident occurred on October 6, 2018, when Plaintiff was struck by a Porsche traveling the opposite direction while she was driving on Mulholland Highway near Malibu, California. Plaintiff was driving a Chevrolet Silverado 1500 truck and alleges that the airbags did not deploy when her vehicle was struck.  She also claims that she has no memory of the events immediately before the accident, became unconscious upon impact with the steering column, and did not regain consciousness until she awoke in the hospital.  After the accident, Plaintiff alleges that her car was towed to an unknown location, and she did not

have the ability to inspect it.

Plaintiff states that she was unaware that her airbags did not deploy until a mediation conference in early 2021 with the driver who struck her vehicle. During that conference, she was informed that the airbags did not deploy in the accident. On August 18, 2021, Plaintiff filed a strict products liability and breach of warranty action in Arizona state court. Defendant filed a Motion to Dismiss in state court, but then timely removed the action, including the Motion to Dismiss, to this Court. The only argument raised on the Motion to Dismiss is that Plaintiff's claims are all time-barred by the applicable statute of limitations.

## DISCUSSION

### I.     Legal Standard

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Buckey v. Cnty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### II.    Analysis

Defendant raises only a statute of limitations argument in its Motion to Dismiss. In Arizona, a statute of limitations defense may be raised on a motion to dismiss "if it appears from the face of the complaint that the claim is barred." *Dicenso v. Bryant Air Conditioning Co.*, 643 P.2d 701, 702 (Ariz. 1982). "[W]hen it appears on the face of the complaint that an action may be barred by limitations, the burden is on the plaintiff to establish that the statute has been tolled." *Bailey v. Superior Ct. In & For Pima Cnty.*, 694 P.2d 324, 328 (Ariz. Ct. App. 1985). Arizona applies the discovery rule to toll the statute of limitations

"until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995); *Doe v. Roe*, 955 P.2d 951, 960 (Ariz. 1998). "[T]he issue of whether the discovery rule tolls the limitations period generally is a fact-intensive inquiry to be resolved by the trier of fact." *C.R. Bard, Inc. v. Atrium Med. Corp.*, NO. CV-21-00284, 2022 WL 136634, at *6 (D. Ariz. Apr. 18, 2022) (citing *Gust, Rosenfeld, & Henderson*, 898 P.2d at 969). Several courts have noted that because "the determination of whether the limitations period has been tolled 'requires [such] a factual inquiry,'" it is "generally not amenable to resolution on a Rule 12(b)(6) motion.'" *C.R. Bard, Inc.*, 2022 WL 1136634, at *6; *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998). Thus, a court will not dismiss a complaint on the grounds that it is time-barred "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez*, 138 F.3d at 402.

Plaintiff has pled sufficient facts to survive the Motion to Dismiss. In Arizona, the statute of limitations for products liability actions and breach of warranty actions associated with product liability is two years. A.R.S. §§ 12-542, 12-551; *Anson v. Am. Motors Corp.*, 747 P.2d 581, 583 (Ariz. Ct. App. 1987). The parties do not debate that Plaintiff filed the action more than two years after the accident. Nevertheless, she alleges that the two-year statute of limitations was tolled because she did not and could not have known of the facts giving rise to her cause of action before then. (Doc. 10 at 3-4.) Thus, to invoke the discovery rule, Plaintiff needs to demonstrate that she filed her claim within two years of when she learned, or could have learned with reasonable diligence, the facts underpinning her claim. Because she filed her amended complaint on November 10, 2021, she must show that she did not or could not have known with reasonable diligence of the relevant underlying facts until after November 10, 2019.[1]

The underlying fact that forms the basis of Plaintiff's complaint—and the fact she

---

[1] Although Plaintiff filed a complaint in state court on August 18, 2021, that complaint was never served on Defendant. Thus, the operative date is the date Plaintiff filed the First Amended Complaint, which she timely served on Defendant.

- 3 -

alleges she was unaware of—is that her vehicle's airbags did not deploy at any point during the accident. Because the Court accepts all facts in Plaintiff's complaint as true and construes them in her favor, it accepts that she did not have actual knowledge that her airbags did not deploy until "early 2021," when she learned the information at a mediation. Nevertheless, the discovery rule requires consideration of not only when she actually knew the fact, but when she should have known that fact with "reasonable diligence." *See Gust, Rosenfeld, & Henderson*, 898 P.2d at 966.

Plaintiff's complaint plausibly alleges that she could not or should not have known about the state of the airbags until her mediation in early 2021. It states that she could not observe the airbags' failure to deploy during the accident. More specifically, she asserts that the impact of the collision caused her to lose consciousness, and she does not have any recollection of the events from the time she saw the Porsche collide with her truck until she awoke in the hospital. Thus, she would have had no opportunity to witness the failure to deploy or, even if she did witness it, she would not remember. Further, Plaintiff alleges that her "destroyed vehicle was towed from the scene of the accident, and she did not have any opportunity to inspect it." (Doc. 1-3 at 20.) In her response to the Motion to Dismiss, she clarifies she was unable to inspect the vehicle because the "vehicle was towed to an unknown location" and "[s]he never saw the vehicle again." (Doc. 10 at 3.) Thus, for the purpose of this Motion, the Court accepts as true that the vehicle was not available for her inspection at any point in the aftermath of the collision. Without viewing the vehicle, it is plausible she did not know and could not have known about the state of the airbags.

Plaintiff's statement that she did not have any opportunity to inspect her vehicle is not merely a "conclusory allegations of law" that the Court must disregard. *See Stejic v. Aurora Loan Servs., LLC*, No. 09-CV-819, 2009 WL 4730734, at *2 (D. Ariz. Dec. 1, 2009). In a 12(b)(6) motion, the Court is instructed to disregard "conclusory allegations of law" and "legal conclusions couched as factual allegations." *Id.* Generally, these types of allegations do nothing more than restate the elements of the claim. *See, e.g.*, *Cota v. Arizona*, No. CV-10-1024, 2010 WL 4682488, at *5 (D. Ariz. Nov. 10, 2010) (finding

Plaintiff's statement that "Defendants' conduct violated Plaintiff's due process rights under the Arizona Constitution," was conclusory); *Sierra-Sonora Enters., Inc. v. Domino's Pizza, LLC*, No. CV 10-0105, 2010 WL 1780998, at *5 (D. Ariz. May 4, 2010) (finding the allegation in Plaintiff's complaint that the statute of limitations should be tolled because Plaintiff "did not discover the acts and omissions of Defendants until a discussion" to be conclusory). Here, Plaintiff's statement about her inability to assess her vehicle after the accident is neither an allegation of law nor a legal conclusion. Unlike cases in which Plaintiff's allegations are mere recitations of the elements of the claim, here Plaintiff pleads "additional facts explaining or otherwise suggesting why the alleged [relevant facts] did not become apparent before" early 2021, as required. *See Sierra-Sonora Enters.*, 2010 WL 1780998, at *5. Those facts include her loss of consciousness during the accident, the fact that she was transported unconscious from the scene, and her inability to assess the vehicle at any point following the accident. In light of those facts, the Court cannot say that it is "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez*, 138 F.3d at 402.

To be sure, there remains a question as to the degree of diligence Plaintiff should have exercised between the date of the accident and the time that she filed this claim. The Court does not (and cannot, without more facts) decide at this point when Plaintiff should have known with reasonable diligence that the airbags allegedly did not deploy. *Nichols v. First Am. Title Ins. Co.*, No. CV-12-08258, 2013 WL 841211, at *2 (D. Ariz. Mar. 6, 2013) ("The discovery rule . . . 'often depends on matters outside the pleadings,' and thus cannot usually be resolved on a 12(b)(6) motion to dismiss."). Defendant points to the facts that Plaintiff filed a separate lawsuit against the driver of the Porsche and that the vehicle belonged to her as proof she did not exercise reasonable diligence in discovering the relevant facts. These facts may be relevant to the question, but they are not dispositive of the claim at this early stage. The question of Plaintiff's reasonable diligence requires inquiry into facts bearing on "whether the conduct causing the injury 'is difficult for the plaintiff to detect,'" and therefore is "best resolved on summary judgment or at trial." *C.R.*

*Bard, Inc.*, 2022 WL 1136634, at *6 (quoting *Gust, Rosenfeld & Henderson*, 898 P.2d at 968).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that General Motors's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 11) is **DENIED**.

Dated this 16th day of November, 2022.

*/s/ G. Murray Snow*
G. Murray Snow
Chief United States District Judge